25-2731-cv
*Vesterman v. New York City Department of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-six.

PRESENT:
>
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> MARIA ARAÚJO KAHN,
>      *Circuit Judges.*

_____

TIFFANY VESTERMAN,

>      *Plaintiff-Appellant*,

           v.                                                    No. 25-2731-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, DAVID C. BANKS, INDIVIDUALLY AND AS CHANCELLOR OF THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

>      *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:  NATALIA KAPITONOVA (Stewart Lee Karlin, *on the brief*) Stewart Lee Karlin Law Group, P.C., New York, NY.

FOR DEFENDANTS-APPELLEES:  HANNAH J. SAROKIN (Richard Dearing, Elina Druker, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 30, 2025 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Tiffany Vesterman, a former employee of the New York City Department of Education ("DOE"), challenges the constitutionality of the DOE's denial of her religious accommodation request from New York City's COVID-19 vaccine mandate (the "Vaccine Mandate"). Vesterman alleges that she applied for a religious accommodation to the Vaccine Mandate in September 2021, specifically seeking to be exempted from the mandate based on her Catholic faith. The DOE denied Vesterman's request and, after placing her on unpaid leave,

terminated her employment. Subsequently, Vesterman learned that the DOE placed her fingerprints in a "problem code" database, which she asserts stigmatized her for committing misconduct and prevented her from working in education thereafter.

Vesterman now appeals from a judgment of the district court dismissing her claims against Defendants-Appellees DOE and DOE Chancellor David C. Banks (collectively "Defendants"). Vesterman, a teacher with the DOE since 2001, alleges that Defendants violated the Free Exercise Clause of the First Amendment by denying her a religious exemption from the Vaccine Mandate. She further argues that Defendants violated her procedural due process rights by placing her information in the problem code database without first providing her with a name-clearing hearing. Finally, she contends that the district court erred in dismissing her complaint with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

"We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), accepting all of the complaint's non-conclusory factual allegations as true and drawing all reasonable inferences in the plaintiffs' favor." *Honickman v. BLOM*

3

*Bank SAL*, 6 F.4th 487, 495 (2d Cir. 2021) (alteration adopted and internal quotation marks omitted). "We review for abuse of discretion a district court's decision whether dismissal of a complaint should be with prejudice." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013).

## I.     First Amendment

Vesterman first brings an as-applied challenge to the Vaccine Mandate, alleging that the DOE violated her First Amendment right to free exercise of religion by denying her request to be exempted from vaccination without first demonstrating that granting such accommodation would impose an undue hardship.

"The First Amendment forbids the enactment of laws, either state or federal, that 'prohibit the free exercise' of religion." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 280 (2d Cir.) (per curiam) (alteration adopted) (quoting U.S. Const., amend. I), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). "But not all laws that burden an individual's exercise of religion contravene this deeply rooted prohibition." *Id.* "[A] neutral law of general applicability is subject [only] to rational basis review even if it incidentally burdens a particular religious practice." *Id.* (internal quotation marks omitted). However, "if a law is not neutral towards religion or is

not generally applicable," then it will have to survive strict scrutiny. *Id*. at 281. To do so, the law must be shown to be "narrowly tailored" to advance "a compelling governmental interest." *Id.* (internal quotation marks omitted).

We have applied the above principles in the context of the DOE's Vaccine Mandate on multiple occasions. We have addressed two instances in published opinions directly relevant here. *See Kane v. De Blasio*, 19 F.4th 152, 167–70 (2d Cir. 2021) (per curiam); *New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 332–34 (2d Cir. 2025) (per curiam). In both *Kane* and *New Yorkers for Religious Liberty*, DOE employees brought as-applied challenges under the Free Exercise Clause stemming from the DOE's denial of their religious accommodation requests. In these cases, we applied strict scrutiny and sustained the plaintiffs' claims on a motion to dismiss where they made plausible allegations that the DOE denied an accommodation by questioning the legitimacy of their religious beliefs. *See, e.g.*, *Kane*, 19 F.4th at 168 (sustaining as-applied challenge where DOE determined that an employee's beliefs "were merely personal" because "other Orthodox Christians" received vaccination). We have applied the "low threshold" of rational basis review, however, where the DOE has denied an accommodation "irrespective of [the employee's] sincerely held religious beliefs"

on the basis of "undue hardship." *New Yorkers for Religious Liberty*, 125 F.4th at 333 (internal quotation marks omitted). To survive rational basis review on a motion to dismiss, an employee must make "a more-than-conclusory allegation that the finding of undue hardship was erroneous or pretextual." *Id.*

Here, Vesterman's claim triggers only rational basis review because she has not alleged that the DOE improperly scrutinized her religious beliefs or otherwise denied her request in a way that was not neutral towards religion nor generally applicable to all employees. Under rational basis review, Vesterman has failed to plausibly allege that the DOE's rationale—that her request imposed an "undue hardship" because "unvaccinated employees cannot work in a school building without posing a direct threat to health and safety," App'x at 113—was either erroneous or pretextual. Aside from one conclusory assertion that she "was discriminated against for her religious beliefs," her complaint does not allege any facts regarding the DOE's basis for denying her request. App'x at 35. Accordingly, we affirm the district court's dismissal of Vesterman's First Amendment claim.

## II.    Due Process

Despite her briefs' inconsistency on this point, as we discuss below, Vesterman also at times seems to challenge the district court's dismissal of her

stigma-plus claim under the Due Process Clause of the Fourteenth Amendment. The district court dismissed that claim on the ground that Vesterman did not allege it in her complaint. In her reply brief on appeal, Vesterman appears not to dispute this ruling. Rather, she confirms that her complaint "asserts just one cause of action, a religious discrimination claims [sic] in violation of her First Amendment Rights." Reply Br. at 2 n.1. Because "a party is not entitled to amend its complaint through statements made in motion papers," *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998), and we do not address arguments not raised on appeal, *see Anderson v. Branen*, 27 F.3d 29, 30 (2d Cir. 1994) (per curiam), we need go no further to affirm the dismissal of Vesterman's stigma-plus claim.

Nevertheless, even if it had been properly pleaded in the district court (and argued on appeal), Vesterman's stigma-plus claim would fail. "Stigma plus refers to a claim brought for injury to one's reputation (the stigma) coupled with the deprivation of some tangible interest or property right (the plus), without adequate process." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (internal quotation marks omitted). To state such a claim, a plaintiff must plausibly allege that "the information [disseminated by the government] was stigmatizing, false,

and publicized by the state actor." *Kelly Kare, Ltd. v. O'Rourke*, 930 F.2d 170, 177 (2d Cir. 1991).

Vesterman's stigma-plus claim fails because she has not plausibly alleged that her problem code designation is anything other than an accurate reflection of her noncompliance with the Vaccine Mandate. She does not allege, for example, that the designation is false because she actually received the COVID-19 vaccine. Nor does she allege that the DOE issued the problem code for any reason other than her failure to receive the vaccination. Thus, her claim fails because she does not allege "the existence of a reputation-tarnishing statement that is *false.*" *Vega v. Lantz*, 596 F.3d 77, 82 (2d Cir. 2010) (emphasis in original); *see also Russell v. Hodges*, 470 F.2d 212, 217 (2d Cir. 1972) (Friendly, *C.J.*) (finding that a stigma-plus claim requires "something considerably graver than a charge of failure to perform a particular job, lying within the employee's power to correct").

Nor can Vesterman establish falsity by relying on any negative implications arising from a problem code association. She alleges that being assigned to the problem code is tantamount to a false accusation of misconduct or incompetence because, on her account, the DOE uses such codes "for employees who have committed . . . misconduct or were incompetent." App'x at 36. Critically, however,

8

she does not allege that the DOE uses problem codes exclusively to denote misconduct or incompetence, and not also for performance-neutral issues, like an employee's failure to satisfy a qualification of employment unrelated to job performance. That a problem code might imply misconduct or incompetence, without more, does not render it false. *See Kelly Kare*, 930 F.2d at 177 ("A free-floating liberty interest cannot rest on speculation that negative implications will flow from a termination without cause."); *McGuire v. Warren*, 207 F. App'x 34, 37 (2d Cir. 2006) (summary order) (finding that "innuendo" cannot support a stigma-plus claim).

Finally, we note that Vesterman has not plausibly alleged that the problem code has "severely impede[d] her ability to continue in the education field." *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 633 (2d Cir. 1996). At most, she alleges that the code makes her ineligible to work for the DOE, but "[i]t stretches the [liberty interest] concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another." *The Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 575 (1972). Accordingly, we affirm the dismissal of Vesterman's stigma-plus claim.

### III. Dismissal With Prejudice

Lastly, Vesterman argues that the district court erred in dismissing her complaint with prejudice. She contends that the court erred in failing to respond to a pre-motion letter she filed requesting leave to "amend as of right" pursuant to Federal Rule of Civil Procedure 15(a). App'x 87. Perhaps because leave is not required to amend as of right, the court never responded to Vesterman's request. *See Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) ("At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission.").

Notwithstanding her stated intention, Vesterman never filed an amended complaint within the timeframe set forth in Rule 15. *See* Fed. R. Civ. P. 15(a)(1). Thereafter, she never sought leave to amend, formally moved to amend her complaint, submitted a proposed amended complaint, or otherwise explained how she would cure the complaint's deficiencies. As we have explained, "[a] counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam).

10

As Vesterman has never demonstrated that she "could—or would—provide additional allegations that might lead to a different result, the District Court did not err in dismissing her claim with prejudice." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

We have considered Vesterman's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11